UNITED STATES of America, Appellee,

v.

Debra L. JONES, Defendant–Appellant.

No. 845, Docket 91–1559.

United States Court of Appeals,
Second Circuit.

Argued Jan. 31, 1992.

Decided March 10, 1992.

Richard S. Kestenbaum, Great Neck, N.Y. (Paula Schwartz Frome, Kestenbaum & Mark, Great Neck, N.Y., of counsel), for defendant-appellant.

Charles P. Rosenberg, Asst. Atty. Gen., Washington, D.C. (Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y., Robert E. Lindsay, Alan Hechtkopf, Brett Dignam, Shirley D. Peterson, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for appellee.

Before WINTER and MAHONEY, Circuit Judges, and KORMAN, District Judge.*

WINTER, Circuit Judge:

Debra Jones appeals from her conviction by a jury before Magistrate Judge Jordan for failure to file federal income tax returns for calendar years 1984 through 1986, in violation of 26 U.S.C. § 7203 (1988). Ms. Jones claims that the district court erred in admitting into evidence an IRS transcript of Ms. Jones' federal income tax liability for 1982, and in failing to give a limiting instruction regarding the admission of certain New York tax amnesty papers. Both contentions are without merit.

With regard to the 1982 IRS transcript— a two-page summary purporting to describe all transactions concerning her tax liability for that year—Ms. Jones contends that the government should have produced her original 1982 tax return under Fed. R.Evid. 1002 and that the IRS witness who testified about the transcript was required either to verify its accuracy or to have been the compiler of the information. We disagree.

---

* The Honorable Edward R. Korman, U.S. District Judge for the Eastern District of New York, sitting by designation.

■ Fed.R.Evid. 1002 requires that, "[t]o prove the content of a writing," the original document must be introduced. However, where evidence concerning a document is introduced to prove something other than content, Rule 1002 does not apply. For example, in *United States v. Sliker*, 751 F.2d 477, 483–84 (2d Cir.1984), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985), we held that oral testimony about an insurance policy was properly admitted to prove the existence of insurance, in contrast to proving the terms of the policy. For similar reasons, Rule 1002 does not bar admission of the 1982 transcript in the instant matter.

Jones' defense was that she did not file her tax returns from 1984 through 1987 because she believed that a taxpayer could not file a return without paying taxes due. The 1982 transcript was introduced to demonstrate that Ms. Jones had filed her 1982 tax return without remitting payment but made later payments on her tax obligation for that year, conduct inconsistent with her stated belief that filing and payment had to go together. The transcript was thus not introduced to prove the content of her 1982 return.

The fact that Ms. Jones testified that the subsequent payments for 1982 were solely to remedy a miscalculation on her 1982 return for which the IRS billed her after recomputation does not alter our conclusion. It is true that her testimony did raise an issue as to the content of the 1982 return, by asserting that, but for the miscalculation, taxes withheld were sufficient to cover the tax obligation reflected on the return. However, the fact that Ms. Jones put the content of the return in issue did not create a burden on the government to produce the return. The transcript did not indicate that there had been a recomputation by the IRS for which Ms. Jones had been billed and thus, even in the context of her testimony, did not purport to speak to the content of her tax return. We therefore agree with the Magistrate Judge that her testimony in that regard affected only the weight and not the admissibility of the transcript. If Ms. Jones desired documen-

tation to support her testimony, therefore, she should have provided it.

Appellant further contends that the IRS witness who testified as to the contents of the transcript should have been able to verify its accuracy or at least have been the original compiler of the information. We disagree. Fed.R.Evid. 803(8) allows public records and reports to be admitted into evidence when they concern matters upon which observation and reports by the particular government agency are required. By the very terms of the Rule, such a record need not be verified for accuracy by the witness and the witness need not be the person who compiled the information. Rather, the record or report is deemed admissible unless it appears untrustworthy. There is no such appearance of untrustworthiness in the present matter. The Magistrate Judge therefore properly admitted the 1982 tax transcript into evidence.

■ Jones next argues that the court erred by not giving a limiting instruction concerning appellant's filing of delinquent tax returns under a New York State tax amnesty program. She contends that she requested an instruction limiting consideration of that evidence to the issue of intent. The record, however, indicates that appellant never asked for such a limiting instruction. Defense counsel inquired as to whether the court would give an instruction limiting consideration of the evidence to Jones' ability to pay. When the court responded that the evidence had been admitted on the issue of intent, counsel did not pursue the matter.

We have held that, if the defendant does not object to the omission of a limiting instruction by the time the jury retires, it cannot be reviewed except in the absence of plain error under Fed.R.Crim.P. 30. We have further held in analogous circumstances that the failure to give a limiting instruction does not constitute plain error. *See United States v. Bermudez*, 526 F.2d 89, 97 (2d Cir.1975), *cert. denied*, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976). We find no such plain error here. The government advanced no argument to the jury that broadened the import of the evi-

dence in question, and we have no reason to speculate that the jury gave it any such broadened consideration.

Affirmed.